UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| TYRONE PRICE, | ) |
| Petitioner, | ) Civil No. 6: 20-232-HRW |
| V. | ) |
| J. GILLEY, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Tyrone Price has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1] This matter is before the Court to conduct the initial screening of the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

Prior to his federal incarceration Price was a member of a gang in Detroit, Michigan which engaged in drug trafficking, intimidation, assault, robbery, and murder. In July 2015 Price was indicted for his role in these crimes. He would later plead guilty to and be convicted of two counts of assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3) and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Price was sentenced to a combined term of 140 months imprisonment. *United States v. Price*, No. 2: 15-CR-20472-DML-MKM-3 (E.D. Mich. 2015).

Price's habeas corpus petition is not a model of clarity, but he begins by noting that the First Step Act of 2018 directed the federal Bureau of Prisons to use an evidence-based approach to offer rehabilitative programming to individual inmates. [D. E. No. 1 at 6] *See* 18 U.S.C. § 3621(g), (h). Federal prisoners who successfully complete that programming may be eligible for a reduction in their sentences. *See* 18 U.S.C. § 3632(a), (d). Price also notes that under 18 U.S.C. § 3632(D)(4)(B) a prisoner cannot earn sentence credits if he completed the programming before the First Step Act was enacted or prior to commencement of his federal sentence. [D. E. No. 1-1 at 1-3]. The Act afforded the BOP adequate time after its passage to perform its risk and needs assessment, and then two years after that to create and offer such programming to prisoners. Price contends that the BOP was required to complete the assessment by January 2020 and then to fully implement its programming offerings to prisoners by January 2022. [D. E. No. 1-1 at 4-6] *See* Pub. Law 115-391, Sec. 102(a) (Dec. 21, 2018). Price therefore argues that:

> The BOP position that a prisoner can complete [rehabilitative programming] before January 15, 2022 with no benefit to the prisoner is contrary to the statutory language, not [to] mention the unfairness of such a result. Petitioner is entitled to habeas relief[;] BOP should apply Petitioner's Earned Time Credit of days.

*Id*. at 7.[1]

---

[1] Price gives conflicting indications about whether he filed inmate grievances regarding this "earned time" issue and exhausted his adminstrative remedies.

2

Price's petition falters on numerous grounds. First, Price's own allegations indicate that the deadline for the BOP to make available the rehabilitation programming at issue will not come to pass until January 2022. Second, Price does not indicate in his petition that he has actually and successfully completed any of the programming necessary to obtain the credits available under 18 U.S.C. § 3632(d)(4)(A). Third and most fundamentally, even if Price had completed such programming he would still not be eligible for sentencing credits. Federal inmates who commit certain kinds of crimes are deemed ineligible for such credits. Price's conviction under 18 U.S.C. § 924(c) disqualifies him from eligibility. 18 U.S.C. § 3632(d)(4)(D)(xxii). The petition must therefore be denied.

Accordingly, it is **ORDERED** as follows:

1. Petitioner Price's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

---

*Compare* [D. E. No. 1 at 2-3 (providing dates when grievances were allegedly filed)] *with* [D. E. No. 1-1 at 3-4 (incorrectly asserting that claims of statutory construction are exempt from the exhaustion requirement)] The Court does not reach the question because Price's petition is without merit in any event.

3

This 24th day of November, 2020.



Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**